IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RAYMOND MOTT, ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-1894-HU |
| ) | |
| vs. ) | FINDINGS AND |
| ) | RECOMMENDATION |
| STATE OF OREGON DEPARTMENT OF ) | |
| TRANSPORTATION, KARLA KELLER, ) | |
| and SUZAN MORRISON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Lauren Paulson
3980 SW 170th Avenue
Aloha, Oregon 97007
    Attorney for plaintiff

Hardy Myers
Attorney General
Kenneth C. Crowley
Assistant Attorney General
Department of Justice 1162 Court Street NE
Salem, Oregon 97301-4096
    Attorneys for defendants

1   -  FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge:

Plaintiff Raymond Mott brings this action against the Oregon Department of Transportation (ODOT), Karla Keller, and Suzan Morrison. According to the complaint, the claims arise under "Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. § 1988, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634." Complaint ¶ 1. Within the body of the complaint, there is no claim for violation of 42 U.S.C. § 1988. There is, however, a claim for violation of 42 U.S.C. § 1983. Id. ¶¶ 23-29. Mr. Mott seeks compensatory and punitive damages and declaratory, injunctive and equitable relief. The declaratory relief requested is that the court declare the defendants' conduct to be in violation of plaintiff's rights. Id. ¶¶ 2(a), 3(a), 4(a), 5(a). The injunctive relief requested is that the court enjoin defendants from "engaging in such conduct." Id. ¶¶ 2(b), 3(b), 4(b), 5(b). The equitable relief requested is an award of back pay and fringe benefits in the amount of $100,000, plus prejudgment interest.

Plaintiff alleges that he is 51 years old, and that he worked as a highway maintenance supervisor for ODOT, under the direction and control of Keller and Morrison, between March 11, 2002 and August 31, 2004. Keller was the regional operations manager and Morrison was the human resources manager. Plaintiff alleges that Keller and Morrison, "at all times material hereto,

2   - FINDINGS AND RECOMMENDATION

were acting within the course and scope of their employment, and were acting outside the scope of their employment at certain times." Complaint, ¶ 9.

Plaintiff alleges that before he was hired, "one of Defendant's employees telephoned Plaintiff and told Plaintiff he would have to learn to work like a state worker or he would not be welcome at ODOT." Complaint, ¶ 11. After plaintiff began working for ODOT, he was allegedly "threatened by his crew when they told him they would get rid of him," and "threatened by other ODOT employees that they would fire him when he tried to clean up an old oil spill." Id. at ¶¶ 12, 13. Plaintiff alleges that he advised his supervisor of the first threat, but nothing was done about it. Id. at ¶ 12.

Plaintiff alleges that in May 2004, he investigated a traffic accident which had occurred on May 27, 2004. Id., ¶ 14. Plaintiff filed a report on the accident on June 1. Plaintiff alleges that after he submitted the report to defendant Keller, he was instructed to change the language of the report "in a manner untruthful." Id. He alleges that he was transferred from the Manning office to the Milwaukie office on June 28, 2004, "in reprisal for said actions." Id.

Plaintiff alleges that while he was employed at ODOT, he was subjected to a hostile environment, including his supervisors' failures to discipline employees plaintiff reported

3  - FINDINGS AND RECOMMENDATION

as insubordinate or hostile; employees who falsely stated plaintiff was wearing to sandals to work; employees who reported that plaintiff was cutting brush at a park for his own personal gain; employees who falsely stated that plaintiff would not let them work safely in violation of ODOT regulations; and employees who falsely stated plaintiff was preparing unsafe work schedules or work schedules "to Plaintiff's benefit." Id. at ¶ 15. Plaintiff alleges that his performance at all times was excellent, but he was nonetheless demoted without cause.

As his first claim for relief, plaintiff alleges violations of his civil rights under "Title VII and under 29 U.S.C. § 621 *et seq.*, and 42 U.S.C. 2000." Complaint ¶ 17. He seeks the declaratory, injunctive and equitable relief described above; future lost wages in the amount of approximately $100,000; $750,000 as compensation for mental and emotional distress; and punitive damages in the amount of $350,000.

As his second claim for relief, plaintiff asserts a claim for violation of his civil rights under 42 U.S.C. § 1983. For this claim, he alleges that defendants "were acting outside of their official duties and beyond the scope of his [sic] employment..." Id. at ¶ 25. For this claim, plaintiff seeks past and future wage loss, damages for mental and emotional distress, and punitive damages.

///

4   - FINDINGS AND RECOMMENDATION

As his third claim for relief, plaintiff asserts that defendants discriminated against him on the basis of his age in violation of Or. Rev. Stat. § 659.030 *et seq.*

As his fourth claim for relief, plaintiff asserts that he was punished "in retaliation for Plaintiff's actions" as set out in paragraph 14 of the complaint--that is, for being instructed to change the language of a traffic accident report in "a manner untruthful."

Defendants move to dismiss the complaint, on the following grounds:

1. Plaintiff has filed to exhaust administrative remedies as a prerequisite to his Title VII, 42 U.S.C. § 2000 claim;

2. Plaintiff has no cause of action against defendants Keller and Morrison for discrimination under Title VII because they were not plaintiff's employer;

3. Plaintiff has no cause of action under the ADEA, 29 U.S.C. § 621 *et seq.*, because such claims are barred by the Eleventh Amendment and because individual defendants Keller and Morrison are not "employers" under the terms of the Act.

4. There is no separate cause of action under 42 U.S.C. § 1981a.

5. The state of Oregon, its subdivisions, agents and

5   - FINDINGS AND RECOMMENDATION

       employees, acting in their official capacities, are not subject to suit pursuant to 42 U.S.C. § 1983.

6. Plaintiff cannot assert claims based on Oregon statutory or common law because they are barred by the Eleventh Amendment to the United States Constitution.

### Standards

A motion under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1061 (9th Cir. 2004). When ruling on a 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff. Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). The court accepts as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998); Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991)(in context of Rule 12(b)(6) motion, all material facts as pleaded in the complaint are assumed to be true).

An order granting a motion to dismiss a complaint must generally be accompanied by leave to amend, unless amendment would be futile. Knevelhaard Dairies v. Kraft Foods, Inc., 232 F.3d 979, 983 (9th Cir. 2000).

///

6 - FINDINGS AND RECOMMENDATION

## Discussion

### 1. Failure to exhaust administrative remedies on Title VII claim.

Defendants assert that plaintiff's claim under Title VII, 42 U.S.C. § 2000e, is barred because plaintiff failed to exhaust his administrative remedies by filing an administrative complaint with the Equal Employment Opportunity Commission (EEOC), a precondition to suit. Plaintiff counters that his complaint filed with the Oregon Bureau of Labor and Industries (BOLI), attached as Exhibit A to defendant's motion, satisfies the administrative exhaustion requirement because "[a] filing with BOLI is deemed a filing with BOLI and the EEOC." Plaintiff's Response to Defendant's Motion to Dismiss, p. 2.

To establish federal subject matter jurisdiction over an employment discrimination claim, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002). Exhaustion of administrative remedies under Title VII requires that the complainant file a timely charge with the EEOC, thereby allowing the agency time to investigate the charge. See 42 U.S.C. § 2000e-5(b) and B.K.B., 276 F.3d at 1099. Plaintiff must have raised that claim or a "like and reasonably related" claim in the administrative action. EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994); Lyons

v. England, 307 F.3d 1092, 1104 (9th Cir. 2002). The court considers a plaintiff's claims to be reasonably related to allegations in the charge "to the extent that those claims are consistent with the plaintiff's original theory of the case," B.K.B., 276 F.3d at 1100, as reflected in the plaintiff's factual allegations and his assessment as to why the employer's conduct is unlawful. Lyons, 307 F.3d at 1104.

The BOLI complaint filed in September 2004 contains no allegations of discrimination and does not mention Title VII. Printed on the face of the BOLI complaint is "ORS 659A.230." That statute provides:

> **Discrimination for initiating or aiding in criminal or civil proceedings prohibited; remedies not exclusive.** (1) It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported criminal activity by any person, has in good faith caused a complainant's information or complaint to be filed against any person, has in good faith cooperated with any law enforcement agency conducting a criminal investigation, has in good faith brought a civil proceeding against an employee or has testified in good faith at a civil proceeding or criminal trial.

The BOLI complaint alleges that plaintiff was treated differently and forced to quit "because I blew the whistle on Respondent." Memorandum in Support of Plaintiff's motion to Dismiss, Exhibit A. Plaintiff alleges that he continually reported problems to

8   - FINDINGS AND RECOMMENDATION

ODOT upper management, attempted to have an oil spill in the ODOT yard cleaned up, and reported thefts and signage violations, and that in response, ODOT's management transferred him so that he would have to commute, took away his company truck and radio, and tried to fire him. Id. Plaintiff states in the BOLI complaint that he quit because "they wanted me to lie about many state and federal ODOT violations." Id.

None of the acts complained of within the BOLI whistleblower complaint even so much as alludes to membership in a class protected by Title VII. Because the BOLI complaint is unrelated to a claim of discrimination under Title VII, I recommend that plaintiff's Title VII claim be dismissed with prejudice for failure to exhaust administrative remedies.

### 2. Title VII Claim against individual defendants

As an alternative motion, defendant asserts that the Title VII claims against defendants Keller and Morrison must be dismissed because civil liability for employment discrimination is limited to the employing entity, and does not extend to individual employees or agents of that entity. Plaintiff has not responded to this argument.

In Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587 (9th Cir. 1993), the Court of Appeals held that civil liability for employment discrimination is limited to employers and does not extend to individual agents of the employer who commit

9  - FINDINGS AND RECOMMENDATION

violations. *See also* <u>Pink v. Modoc Indian Health Project, Inc.</u>, 157 F.3d 1185, 1189 (9th Cir. 1998)(civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even when that agent is a supervisor); <u>Logan v. West Coast Benson Hotel</u>, 981 F. Supp. 1301, 1312 (D. Or. 1997)(manager was a protected supervising employee and consequently not individually liable under Title VII).

The same rule applies to actions brought under state discrimination statutes. <u>Ballinger v. Klamath Pacific Corp.</u>, 135 Or. App. 438, 452 (1995)(employer liability for employment discrimination does not extend to agents of the employer).

I recommend that the motion to dismiss the Title VII claim against the individual defendants be granted with prejudice on this alternative ground.

### 3. State's immunity from ADEA claims

Defendants contend that plaintiff cannot assert a claim against ODOT under the ADEA, 29 U.S.C. § 621 *et seq.*, because such a claim is barred by the Eleventh Amendment. Defendant is correct.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Although not expressed in the text, the

10 - FINDINGS AND RECOMMENDATION

Supreme Court has held that the Eleventh Amendment grants a state immunity from suits brought in federal court by its own citizens as well as citizens of another state. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). "The reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." Regents of the Univ. of Calif. v. Doe, 519 U.S. 425, 429 (1997). In Kimel v. Florida Bd. of Regents, 120 S.Ct. 631 (2000), the Supreme Court held that the ADEA was not a valid exercise Congress' power under § 5 of the Fourteenth Amendment and therefore did not abrogate the Eleventh Amendment.

Plaintiff cannot assert an ADEA claim against the individual defendants because the ADEA, like Title VII, is limited to employers, and therefore does not extend to claims against individual agents of the employer. Miller, 991 F.2d at 587.

I recommend, therefore, that plaintiff's ADEA claim be dismissed with prejudice.

### 4. State's immunity from Oregon statutory and common law claims

Defendant argues that any claims based on Oregon statutory or common law are also barred by the Eleventh Amendment.

Plaintiff's third claim for relief is for age

11 - FINDINGS AND RECOMMENDATION

discrimination in violation of Or. Rev. Stat. § 659.303 *et seq.* His fourth claim for relief is titled simply, "Retaliation," without a citation to state or federal law.

Defendant is correct that plaintiff's claims based on Oregon statutory or common law are also barred by the Eleventh Amendment. The bar that precludes a citizen from bringing an action in federal court against his own state or state agency applies to state law claims brought under the doctrine of supplemental jurisdiction. <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 106 (1984). I recommend that plaintiff's state or common law claims, if any, be dismissed with prejudice on the ground of Eleventh Amendment immunity.

  **5.  Separate claim under 42 U.S.C. § 1981a.**

Defendants assert that 42 U.S.C. § 1981a does not create an independent cause of action. Plaintiff has not responded to this argument.

Section 1981a is titled, "Damages in cases of intentional discrimination in employment," and provides:

> (a) Right of recovery
>   (1) Civil rights
>     In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000e-5 or 2000e-16] against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act [42 U.S.C. §§ 2000e-2, 2000e-3, or 2000e-16], and provided that the complaining party cannot

> recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the civil Rights Act of 1964, from the respondent.

Defendants argue that this statute does not create an independent cause of action, but merely provides for additional relief in some employment discrimination actions. The text of the statute makes it clear that defendants are correct. See also <u>Lutz v. Glendale Union High School</u>, 403 F.3d 1061, 1068 (9th Cir. 2005)[Civil Rights Act of 1991 amended Title VII to expand the remedies available, so that employee may now recover "compensatory and punitive damages" for certain Title VII violations, 42 U.S.C. § 1981a(a)(2), and is entitled to have a jury determine the amount of such awards, <u>id.</u> § 1981a(c)(1)]; <u>Landgraf v. USI Film Prods.</u>, 511 U.S. 244, 253 (1994)("[T]he new compensatory damages provision of the 1991 Act ... does not replace or duplicate, the backpay remedy allowed under prior law.")

As defendant also points out, the punitive damages authorized by § 1981a(a)(1) are precluded against a state or a state agency by § 1981a(b):

> A complaining party may recover punitive damages under this section against a respondent (**other than a government, government agency or political subdivision**) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or

13 - FINDINGS AND RECOMMENDATION

> with reckless indifference to the federally protected rights of an aggrieved individual.

(Emphasis added). Plaintiff has not alleged a viable Title VII claim; therefore, § 1981a is inapplicable. But even if plaintiff did have a Title VII claim, § 1981a would preclude him from recovering punitive damages against ODOT. The motion to dismiss should be granted.

### 6.   Claim under 42 U.S.C. § 1983

Defendants contend that plaintiff cannot maintain a claim for monetary relief under 42 U.S.C. § 1983 against ODOT because ODOT is not a "person" within the meaning of 42 U.S.C. § 1983. Defendants are correct.

States and state agencies are not "persons" within the meaning of § 1983 and are therefore immune from claims for monetary relief. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 70-71 (1989); Lapides v. Board of Regents, 535 U.S. 613, 122 S.Ct. 1640, 1643 (2002). Accordingly, I recommend that plaintiff's monetary claims against ODOT be dismissed with prejudice.

Further, state officials who are sued in their official capacities do not qualify as "persons" for purposes of § 1983. Will, 491 U.S. at 70-71. The only exception to this general rule is that when the plaintiff seeks prospective injunctive relief, a state official in his official capacity is considered a

"person" for § 1983 purposes. Will, 491 U.S. at 71, n. 10. However, as his § 1983 claim, plaintiff has alleged that the individual defendants "were acting outside of their official duties and beyond the scope of his [sic] employment by his acts aforementioned and hereinafter mentioned." This allegation suggests that the individual defendants are not sued in their official capacities.

If plaintiff intends to sue Keller and Morrison in their individual capacities--i.e., to allege that they, acting under color of state law, deprived plaintiff of a constitutionally protected right, he has not alleged facts that would support such a claim. I recommend that plaintiff be given leave to plead, if he can, a claim against the individual defendants, in their individual capacities, for deprivation of a constitutional right.

### 7. Defendants' request for fees and costs

Defendants have requested that because plaintiff has alleged a right to recover attorney's fees and costs in his complaint, they are entitled to a reciprocal award of attorney's fees and costs, as prevailing parties on this motion. Defendants argue that this case meets the standards articulated by the Supreme Court in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978).

Title VII permits courts to award prevailing party in an employment discrimination case a reasonable attorney's fee as

15 - FINDINGS AND RECOMMENDATION

part of an award of costs. 42 U.S.C. § 2000e-5(k). In addition, the Supreme Court has held that a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. <u>Christiansburg Garment Co.</u>, 434 U.S. at 421. In view of my recommendation that plaintiff be permitted to replead his § 1983 claim, I recommend that the defendants' request be deferred pending adjudication on the merits.

## Conclusion

I recommend that defendants' motion to dismiss (doc. # 10) be GRANTED, and that plaintiff's Title VII, ADEA, 42 U.S.C. § 1981a, and state law claims be dismissed with prejudice. I recommend that plaintiff's claim for monetary damages against ODOT pursuant to 42 U.S.C. § 1983 be dismissed with prejudice. I recommend that the claim for equitable relief, in the form of back pay, be stricken, because no claims remain against plaintiff's employer. I recommend that plaintiff's claim for monetary damages against defendants Keller and Morrison, in their individual capacities, pursuant to 42 U.S.C. § 1983, be dismissed with leave to replead within 10 days. I recommend that the defendants' request for attorneys' fees and costs be deferred.
///

16 - FINDINGS AND RECOMMENDATION

**Scheduling Order**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due June 6, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due June 20, 2006, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 22nd day of May, 2006.


/s/ Dennis James Hubel

Dennis James Hubel
United States Magistrate Judge


17 - FINDINGS AND RECOMMENDATION